UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HEIDI RUSSELL and VALENTINA BAJADA,

                          Plaintiffs,

                    v.

KATHERINE KLEIN a/k/a KATE GLADSTONE and
LAWRENCE MARKS as Chief Administrative Judge
Of the NY State Unified Court System

                          Defendants.

------------------------------------------------------------------X

20 Civ 6503 (LJL)

**VERIFIED COMPLAINT**

**JURY DEMAND**

       Plaintiff, as and for her complaint, alleges as follows.

## INTRODUCTION

       1.      This is an action alleging denial of a property interest without due process of law, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiffs are owners of a co-op apartment. A serial grifter, Defendant Katherine Klein, who also is known as Kate Gladstone, rented a room in that apartment in June 2019 and has refused at all times thereafter to leave or pay rent, and, in fact, has engaged in hostile actions allowing her to take possession of most of the apartment while terrorizing Plaintiff Russell, who was living there alone when Klein first arrived. In January 2020, a NYC Housing Court judge entered a judgment of eviction allowing Defendant Klein's removal from the apartment, but stayed that eviction until March 30, 2020. On or about March 18, 2020, New York State Governor Andrew Cuomo stayed all evictions in New York State and, consequently, Plaintiff was unable to proceed with evicting Defendant Klein. On or about July 5, 2020, Governor Cuomo modified his Executive Order so as to allow evictions which were unrelated to the COVID-19 crisis. But defendant Marks, the Chief Administrative Judge of the NY State Unified Court System, has

ordered all judges in New York to delay any evictions, even those where a warrant was issued prior to the COVID-19 emergency, until, at the earliest, October 1, 2020. Judge Marks' order provides for no exceptions, nor does it provide for due process to a property owner in circumstances like that in this case. During her otherwise unlawful squat, Defendant Klein has engaged in threatening, dangerous, and harassing actions. However, because of Judge Marks' Order, Plaintiff has been prevented from evicting Defendant Klein from her property, and, even though Defendant Klein left in July 2020, for 17 days, and Plaintiff changed her locks, the NYC Housing Court is poised to/ or has, ordered Plaintiff to allow Defendant Klein back into the apartment because the Court, on Judge Marks' order, cannot authorize an eviction. Plaintiff is not challenging the Constitutionality of Judge Marks' order on its face but challenges its Constitutionality as applied to the facts of this case.

## PARTIES

2. Plaintiffs are U.S. citizens and reside at 129 Barrow Street, Apartment 2A, New York, New York. They are domestic partners.

3. Defendant Lawrence Marks is the Chief Administrative Judge of the New York State Unified Court System. His Offices, and that of the Court System, is located at 25 Beaver Street, New York, NY. He is sued in his official capacity, and individually.

4. Defendant Katherine Klein, who also goes by her maiden name of Kate Gladstone, resides in New York City. Defendant Klein's present residence address is unknown. She gives her child's address at the local public school she attends as 162 Christopher Street.

## JURISDICTION

5. This Court's jurisdiction is involved pursuant to 28 U.S.C. § 1331 and 212 U.S.C. § 1983. This Court's pendent jurisdiction is also invoked.

## STATEMENT OF FACTS

6. Plaintiff Bajada is the owner of a two-bedroom co-operative apartment located at 129 Barrow Street, Apartment 2A (the "Apartment"). For purposes of this action Ms. Russell, her domestic partner, who also lives in the Apartment, acts with Power of Attorney, annexed as Exhibit A.

7. Prior to June 1, 2019 Plaintiff Bajada departed NYC for an extended trip to Ukraine to settle family business. Because she was away, she and Plaintiff Russell agreed that they would rent out the second bedroom for around a month, possibly for as long as three months.

8. On or around June 4, 2019, Plaintiff and Defendant Klein, who had stayed with Plaintiffs for several days in December 2018, entered into an agreement for part of the month of June 2019, to utilize a bedroom in the Apartment for the remainder of June for $1,650. It was agreed that if the parties agreed to continue the arrangement after June 30, 2019, the full month payment would be $2000.

9. During June 2019, Plaintiff asked Defendant Klein to leave the room, since it was needed for Plaintiff Russell's mother, who was scheduled for surgery in NYC.

10. After June 2019, despite request from Plaintiffs that she leave, Defendant Klein refused to leave the Apartment and refused to pay any further money towards the occupancy.

11. In fact, instead of leaving, after June 2019, Defendant Klein took sole possession of the bathroom, moved possessions into the living room, and began sleeping on the living room couch while her daughter slept in the unlawfully occupied bedroom. As a result, Plaintiff Bajada was prevented from returning, and Plaintiff Russell had to move her computer and printer into her bedroom, and lock valuables into a cabinet.

12. Unbeknownst to Plaintiffs, until after July 2019, defendant Klein had engaged in a series of similar actions previously. She had a personal relationship with a Victim A, who resided at 162 Christopher Street, and after their relationship ended Klein would not leave until she was paid thousands of dollars. Shortly thereafter, in 2017, she sublet a studio apartment for one month from Matthew Titus at 117 West 13th Street, New York, New York and then refused to leave or pay rent. Mr. Titus had to lease another apartment and only got Defendant Klein out by not paying rent on the apartment Klein was squatting in (with her then 9-year-old daughter) and leaving it to his landlord to evict her. That multi-month process left Titus $18,000 in debt. A similar squat was undertaken by Defendant Klein at an apartment at 117 Bank Street. Also, unbeknownst to Plaintiffs, Klein had been indicted in 2018 for utilizing one of Victim A's credit cards, forging Victim A's name, and unlawfully running up bills at various hotels and other places. She was indicted for Grand Larceny, Possession of a Forged Instrument, and Forgery. See Exhibits I and J. In October 2019, several months into her squat in Plaintiffs' apartment, Ms. Klein was arrested and charged with Contempt of an Order of Protection involving Victim A. See Ex. K. Somehow, at all times she continued her journeys with her now 12-year-old daughter in tow.

13. In December 2019 Plaintiffs brought a holdover lawsuit against Defendant Klein in NYC Housing Court. A copy is annexed as Exhibit A.

14. On January 30, 2020 Defendant Klein, after six months of delay, and with significant expense to Plaintiffs, signed an agreement to vacate the Apartment by March 31, 2020 in return for all rent being waived. See Exhibit B.

15. Based upon that agreement, the Court issued a judgment of eviction and but stayed that eviction until March 31, 2020.  See Exhibit B. This eviction was a holdover, not a non-payment eviction.

16. On or about March 20, 2020 Defendant Cuomo issued Executive Order 202.8, because of the COVID-19 pandemic, suspending all evictions.  A copy is annexed as Exhibit C.

17. On May 7, 2020, Governor Cuomo issued Executive Order 202.28, extending the bar on evictions due to non-payment of rent until June 6, 2020. See Exhibit D. Nevertheless, defendant Marks, who had ordered a shutdown of most functions of the New York Courts in March, issued an Order on June 18, 2020  which continued to suspend all eviction proceedings, including those commenced, or even entered as judgments before March 16, 2020.

18. On July 5, 2020, Governor Cuomo continued the  stay of all evictions barring in non-payment cases until August 5, 2020. See Exhibit E, Executive Order 202.48. Judge Marks did not alter his directive in any significant respect, continuing the bar of all evictions.

19. On August 5, 2020 Governor Cuomo issued Executive Order 202.55, continuing the stay on evictions related to a post-pandemic lockdown inability to pay rent. See Exhibit F.

20. On August 12, 2020 Defendant Marks issued a new Administrative Order (Exhibit G) which continued to bar all evictions until at least October 1, 2020; his order included evictions unrelated to the COVID-19 pandemic or a tenant's ability to pay, and appears to bar enforcement of Plaintiffs' eviction warrant against Defendant Klein. Judge Marks' Administrative Order effectively prevents effectively prevents execution of pre-existing Warrants of Eviction, in all cases, which conflicts with the narrower  language of Governor Cuomo's Executive Orders and the recently enacted Tenant Safe Harbor Act, thereby broadening the Executive and Legislative intent of the emergency relief.

21. Although in many respects the State of New York has reopened, and brokers have resumed renting and showing residential rentals, Defendant Marks has continued the order barring evictions through October 1, 2020.

22. As a result, because of Judge Marks' Administrative Orders, no Marshall of the City of New York will effectuate an eviction. Taking advantage of this situation, Defendant Klein has refused to leave, and has made not one cent in payment towards the maintenance of the space she is living in, to wit, Plaintiffs' co-operative apartment.

23. Ms. Klein's eviction has no relationship to Defendant Klein's ability to pay rent or to her ability to find a new apartment because of the pandemic.

24. During the period since March 31, 2020, Defendant Klein has terrorized Plaintiff Russell, spraying her with chemicals, swearing at her, threatening her, and basically turning her into a prisoner in her own apartment. Defendant Klein has moved her possessions into the living room, watches television in the living room late into the night, and sleeps on the couch. She has locked the bathroom door so that Plaintiff Russell cannot use it, and has ousted Plaintiff Russell from use of her kitchen.

25. On July 11, 2020, Defendant Klein left the Apartment. She did not explain, nor has she explained exactly where she went or who she was with. While she was gone, Plaintiff Russell, who had been terrorized for the prior four months, had been deprived of the use of most of her apartment for a year, and was on the verge of an emotional breakdown, changed the locks. When Defendant Klein returned, Plaintiff Russell would not allow her in.

26. On July 30, 2020 Defendant Klein, utilizing the name "Kate Gladstone," so as to avoid connection to the prior Housing Court proceeding, commenced a proceeding in NYC Civil Court seeking to be reinstated to possession of the Apartment because the Governor's Executive

Order barred her eviction. See Exhibits H1 and H2. According to her petition she seeks full possession of the Apartment.

27. On or about August 12, 2020, after a trial, Judge Marc Finkelstein of the NYC Civil Court reserved decision about whether he will order Defendant Klein reinstated to possession of the Apartment because the Defendant Marks' order continues to bar all evictions. Unless Judge Finkelstein finds that serial grifter Klein, and accused felon, poses a danger to the health and well-being of Plaintiff Russell, he is likely to order Klein's return to the apartment, despite the fact that there is an unexecuted warrant of eviction and she has paid no money towards the costs of the apartment since June 2019, and the fact that Plaintiff Bajada cannot return from Ukraine to the property she owns as her home.

## AS AND FOR A FIRST CAUSE OF ACTION

28. By issuing an order which bars the eviction of Defendant Klein, where the eviction bar serves no emergency public purpose and where the basis of eviction bears no relationship to the economic hardships created by the COVID-19 emergency, Defendant Marks has deprived Plaintiffs of property without due process, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Defendant Klein is a serial grifter, who has engaged in similar actions vis-à-vis owners of short-term rentals for the last three to four years.

30. Klein has no legal basis or license to occupy the Apartment, other than the bar on evictions ordered by Defendant Marks.

31. By acting as she has, Klein has engaged in trespass.

## INJURY

32. The actions of Defendant Marks and Klein have caused Plaintiffs irreparable injury in that they have been denied peaceful use of their home.

33. The actions of Defendant Klein has caused Plaintiff Russell emotional distress, to her injury in the sum of $500,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that the Executive Order issued by Defendant Cuomo, to the extent that it continues to bar the eviction of persons such as Defendant Klein, who have had an Order of Eviction entered for non-monetary reasons, from the property of a property owner, unlawfully deprives that property owner of property without the due process of law guaranteed by the Fifth or Fourteenth Amendment to the U.S. Constitution.

2. Issue a temporary restraining order, preliminary injunction, and permanent injunction barring Defendant Klein from resuming possession of Apartment 2A at 129 Barrow Street, New York, New York, and enjoining the defendant or any instrumentality of the State of New York from requiring the resumption of possession by Defendant Klein.

3. Enter judgment against Defendant Klein in the sum of $500,000.

4. Award costs and attorneys' fees to Plaintiffs.

## **JURY DEMAND**

Plaintiffs demand a jury trial.

Dated: August 18, 2020
New York, New York

                                               ADVOCATES FOR JUSTICE,
                                               CHARTERED ATTORNEYS
                                               Attorneys for Plaintiffs

                                               By: */Laine Armstrong*
                                                      Laine A. Armstrong
                                                      Arthur Z. Schwartz
                                               225 Broadway, Suite 1902
                                               New York, New York 10007
                                               (212) 285-1400
                                               laine@advocatesny.com
                                               aschwartz@afjlaw.com

## **VERIFICATION**

Heidi Russell declares under penalty of perjury that she has read the Complaint and that the facts stated therein are true to her knowledge.

Dated: August 14, 2020

_____
HEIDI RUSSELL