State of New York
Unified Court System



Lawrence K. Marks
Chief Administrative Judge

25 Beaver Street
New York, N.Y. 10004
(212) 428-2100

**MEMORANDUM**

August 12, 2020

To:        Hon. George J. Silver
            Hon. Vito C. Caruso

From:     Lawrence K. Marks  LM

Subject:   Revised Procedure for Addressing Residential and Commercial
              Eviction Proceedings

====================

In light of recent revisions in statewide restrictions on the filing and prosecution of eviction matters in New York State arising during the course of the COVID-19 public health emergency, attached please find a copy of AO/160/20 (Attachment A), which amends the temporary protocol for handling of those proceedings in several significant respects. In brief: (1) eviction proceedings filed on or after March 17, 2020 continue to be suspended; (2) cases filed before March 17 may proceed; (3) residential eviction cases filed before March 17 – including cases where a warrant of eviction has already issued but not been executed – must be conferenced before a judge before any further action is taken, and no outstanding or new residential warrants of eviction may be executed prior to October 1, 2020; and (d) commercial evictions may proceed without a conference. The order is described in further detail below.

=======

1. Effective August 13, 2020, eviction matters <u>commenced prior to March 17, 2020</u> may be resumed, with certain important caveats:

    (a) Further proceedings in particular matters (both commercial and residential) may continue to be governed by the suspension of "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as described by the procedural laws of the state," set forth in Executive Orders 202.8, 202.14, 202.28, 202.38, 202.48, and 202.55.[1]

    (b) <u>Commercial Matters</u>: A stay of commencement and enforcement of commercial eviction matters against certain tenants (including those "facing financial hardship due to the COVID-19 pandemic"), initiated by Governor

---

[1] Executive Order 202.55 extended this suspension through September 4, 2020.

Cuomo's Executive Order 202.28, remains in effect through August 19, 2020. Commercial eviction matters may otherwise proceed in the normal course (subject to paragraph 1[a]).

(c) <u>Residential Matters</u>: Prior to any further proceedings in any residential eviction matter commenced prior to March 17 – including matters in which judgments and warrants of eviction have issued and been delivered to enforcement agents (but not yet executed) – <u>the court must hold a status or settlement conference</u> to address a range of subjects related to the case and COVID-19 concerns, including the availability of relief under the New York Tenant Safe Harbor Act (L. 2020, c. 127) and other state or federal edicts.

- After holding such a conference, the court may take whatever further steps it deems appropriate, including deciding any pending motion, entertaining other applications, or allowing the matter to move forward in the normal course (subject to paragraph 1[a]).

- No residential eviction may take place prior to October 1, 2020 or – in the event of a future state or federal moratorium on evictions – such later date or dates set forth in law.

2. Eviction proceedings commenced on or after March 17 – whether residential or commercial, nonpayment or holdover– shall continue to be suspended.

3. Filing and service of documents in eviction proceedings continue to be governed by AO/121/20. Consequently, initiating documents by represented petitioners must be filed through NYSCEF or mail only at this time. (Unrepresented parties may file papers in person.)

4. Eviction proceedings should be conducted remotely whenever the court deems it appropriate for the health, safety and convenience of participants.

5. Commencement papers in commercial and residential eviction proceedings must continue to include the form notice indicating that respondent-tenants may be eligible for an extension of time to respond to the complaint.

6. Eviction matters within the City of New York shall be governed by AO/160/20 and the procedures set forth in New York City Civil Court DRP 213.

7. Administrative Order AO/127/20 is superseded.

Please distribute this memorandum and attachments to judges and non-judicial staff as you deem appropriate.

Attachment
cc: Hon. Anthony Cannataro

**Attachment A**

# ADMINISTRATIVE ORDER OF THE
# CHIEF ADMINISTRATIVE JUDGE OF THE COURTS

Pursuant to the authority vested in me, at the direction of the Chief Judge, and consistent with the Governor's determination approving the easing of restrictions on commerce imposed due to the COVID-19 health emergency, I hereby direct that, effective August 13, 2020, notwithstanding the terms of any prior administrative order, the following procedures and protocols shall apply to the conduct of residential and commercial eviction matters before the New York State courts:

1. Commercial Eviction Matters Commenced Prior to March 17, 2020: Commercial foreclosure matters commenced prior to March 17, 2020 may proceed in the normal course, subject to the following:

    a. Consistent with Executive Order 202.28, as modified by Executive Order 202.48, "[t]there shall be no initiation of a proceeding or enforcement of … an eviction of any … commercial tenant, for nonpayment of rent … rented by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic" for a period of sixty days beginning on June 20, 2020.

    b. Further proceedings in commercial eviction matters may be governed by the suspension of "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as described by the procedural laws of the state," set forth in Executive Orders 202.8, 202.14, 202.28, 202.38, 202.48, and 202.55.

2. Residential Eviction Matters Commenced Prior to March 17, 2020: Effective August 13, 2020, residential foreclosure matters commenced prior to March 17, 2020 may proceed as follows:

    a. Prior to conducting any further proceedings in any pending residential eviction matter filed prior to March 17, 2020, the court must initiate a status or settlement conference. This requirement shall apply in all matters at any stage of the eviction process, including any matter where a warrant of eviction has issued and been delivered to an enforcement agent but has not been executed.

    b. At the conference, the court shall review the procedural history of the matter; confirm compliance with notice requirements; inquire into the effects, if any, that the COVID-19 pandemic has had upon the parties; review any special relief under state or federal law to which the parties may be entitled in light of the pandemic, including the New York Tenant Safe Harbor Act (L. 2020, c. 127); refer unrepresented parties to local civil legal service providers and housing counseling agencies; assess any

pending and anticipated motions; approve briefing schedules proposed by stipulation of the parties; and use best efforts (including referral to alternative dispute resolution) to resolve any outstanding issues.

   c. Following the conference, the court may take such further steps as it deems appropriate, including allowing the matter to proceed. If the court directs an eviction to proceed following the conference, the eviction shall be scheduled or rescheduled to take place no sooner than October 1, 2020.

   d. Further proceedings in residential eviction matters may be governed by the suspension of "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as described by the procedural laws of the state," set forth in Executive Orders 202.8, 202.14, 202.28, 202.38, 202.48, and 202.55.

   e. In ordering relief in any residential eviction matter, the court should remain particularly mindful of additional prohibitions on evictions that may be commanded by executive order, state statute, or federal law.

3. <u>Continued Suspension of Eviction Matters Commenced After March 16, 2020</u>: Eviction proceedings commenced after March 16, 2020 shall, upon the filing of a petition (if no answer is filed thereafter) or the filing of an answer, be suspended until further order. Notwithstanding the foregoing, eviction matters in which all parties are represented by counsel shall be eligible for calendaring for virtual settlement conferences.

4. <u>Filing and Service</u>: Filing and service of process in eviction proceedings shall continue as set forth in Administrative Order AO/121/20.

5. <u>Notice to Respondent Tenant</u>: Petitions in eviction proceedings pursuant to Article 7 of the Real Property Actions and Proceedings Law shall continue to include a Notice to Respondent Tenant in the form attached as Exh. 1a (if filing within the City of New York) or Exh. 1b (if filing outside the City of New York).

6. <u>Remote Proceedings</u>: Eviction proceedings should be conducted remotely whenever appropriate.

7. <u>Essential Matters</u>: This order shall not affect procedures for the filing and service of essential matters.

8. <u>New York City</u>: In addition to the applicable provisions of this Administrative Order, eviction matters before the New York City Housing Court shall also be governed by DRP 213 of the Civil Court of the City of New York.

9. This order supersedes Administrative Order AO/127/20, and further supersedes the provisions of any other Administrative Order inconsistent with its terms.

_____
Chief Administrative Judge of the Courts

Dated: August 12, 2020

AO/160/20

Exhibit 1a

# NOTICE TO RESPONDENT TENANT

DURING THE CORONAVIRUS EMERGENCY, YOU MIGHT BE ENTITLED BY LAW TO TAKE ADDITIONAL DAYS OR WEEKS TO FILE AN ANSWER TO THIS PETITION.

PLEASE CONTACT YOUR ATTORNEY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY, PLEASE CALL

**718-557-1379**

OR VISIT

**www.nycourts.gov/evictions/nyc/**

AVISO A INQUILINO DEMANDADO

DURANTE LA EMERGENCIA DEL CORONAVIRUS,

ES POSIBLE QUE USTED TENGA DERECHO POR LEY

A TOMAR DÍAS O SEMANAS ADICIONALES

PARA PRESENTAR UNA RESPUESTA

A ESTA PETICIÓN

POR FAVOR CONTACTE A SU ABOGADO PARA MAS INFORMACIÓN.

SI USTED NO TIENE UN ABOGADO, LLAME AL

**718-557-1379**

O VISITE

**www.nycourts.gov/evictions/nyc/**

# NOTICE TO RESPONDENT TENANT

DURING THE CORONAVIRUS EMERGENCY, YOU MIGHT BE ENTITLED BY LAW TO TAKE ADDITIONAL DAYS OR WEEKS TO FILE AN ANSWER TO THIS PETITION.

PLEASE CONTACT YOUR ATTORNEY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY, PLEASE VISIT

**www.nycourts.gov/evictions/outside-nyc/**

FOR MORE INFORMATION.

AVISO A INQUILINO DEMANDADO

DURANTE LA EMERGENCIA DEL CORONAVIRUS, ES POSIBLE QUE USTED TENGA DERECHO POR LEY A TOMAR DÍAS O SEMANAS ADICIONALES PARA PRESENTAR UNA RESPUESTA A ESTA PETICIÓN

POR FAVOR CONTACTE A SU ABOGADO PARA MAS INFORMACIÓN.

SI USTED NO TIENE UN ABOGADO, VISITE

www.nycourts.gov/evictions/outside-nyc/